UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE FINN.

          Plaintiff,

vs.

Case No. _____
Hon. _____

CITY OF PORT HURON, a municipality, and
PORT HURON FIRE DEPARTMENT, jointly
and severally.

          Defendant.
_____/

John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiff**

   -And-

Alyson Oliver (P73293)
Stuart Shoup (P55020)
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-581-9396/Fax: 248-327-6554
Email: sshoup@krescholiver.com
**Attorneys for Plaintiff**
_____/

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, VALERIE FINN by and through her attorneys MAURICE & JANE SUGAR LAW CENTER FOR ECONOMIC & SOCIAL JUSTICE, and KRESCH OLIVER PLLC for her Complaint, does hereby allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1343 on Plaintiff's claims under the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Act of 1964, Equal Protection claims under 42 U.S.C. § 1983, and Family and Medical Leave Act of 1993.  Supplemental jurisdiction is also conferred by 28 USC §1367 on Plaintiff's claims under Michigan's Elliot-Larsen Civil Rights Act.

2. Venue is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3), since all Defendants are located within and the unlawful employment practices giving rise to this action occurred within the Eastern District of Michigan.

## II. PARTIES

3. Plaintiff, VALERIE FINN, is a citizen of the United States, a resident of St. Clair County and the State of Michigan.

4. Defendant CITY OF PORT HURON is an incorporated city in St. Clair County, Michigan.  At all times relevant to this action, Defendant operated, managed, and controlled, the PORT HURON FIRE DEPARTMENT.

5. Defendant PORT HURON FIRE DEPARTMENT is an agency of the Defendant CITY OF PORT HURON and is located at 100 McMorran Boulevard in the City of Port Huron, Michigan.

## III. COMMON FACTS

6. Defendant PORT HURON FIRE DEPARTMENT provides services including but not limited to building inspections, fire prevention and suppression response, first responder emergency medical assistance, personnel training, and public education programs.

7. Defendant PORT HURON FIRE DEPARTMENT employs approximately forty-three persons.

8. Plaintiff VALERIE FINN is one of two women employed with the Defendant PORT HURON FIRE DEPARTMENT.

9. Approximately forty-two of the Defendant PORT HURON FIRE DEPARTMENT'S personnel are assigned to duties that require response to fires or emergency medical calls.

10. The Defendants CITY OF PORT HURON and PORT HURON FIRE DEPARTMENT routinely place personnel on light duty assignments.

11. Light-duty assignments involve reduced physical exertion within the limitations of persons assigned to such duties.

12. Light duty jobs are not "make work" jobs, but include duties such as operating fire engines and other department vehicles, maintaining fire suppression and emergency medical equipment, providing mandatory and elective training to departmental personnel, conducting fire inspections for adherence to code, presenting public education programs, and a wide variety of necessary administrative tasks.

13. Plaintiff VALERIE FINN is a full-time firefighter and has been in the employment of the Defendants since 2003.

14. Plaintiff VALERIE FINN is trained and qualified to perform the light duty assignments to which other fire department personnel have been assigned in the past, including but not limited to operating fire engines and other department vehicles, maintaining fire suppression and emergency medical equipment, providing training and instruction to departmental personnel, conducting fire inspections, presenting public education programs, and performing a wide variety of necessary administrative tasks.

15. During Plaintiff VALERIE FINN's first pregnancy, she learned of and experienced the effects of Defendants' discriminatory policy requiring mandatory unpaid leave and no light duty status for pregnant women.

16. In August 2007, Plaintiff was considering starting a family and met with her supervisors at the Defendant PORT HURON FIRE DEPARTMENT to learn the employer's policies regarding pregnant employees. At that time, she was told that the department had no written policy concerning pregnancy or maternity leave. She was then directed to speak with the personnel director of the Defendant CITY OF PORT HURON.

17. At that time, Plaintiff VALERIE FINN was informed by the Defendant CITY OF PORT HURON's personnel director that the only option for a pregnant firefighter was to take an unpaid leave of absence. The personnel director stated that pregnancy was a "choice" that Defendants did not have to accommodate.

18. In September 2007, Plaintiff approached the Defendant PORT HURON FIRE DEPARTMENT about developing a departmental pregnancy policy modeled on existing policies found in other cities. She was informed that the Defendants were not interested in adopting a policy for pregnant firefighters.

19. On or about June 24, 2008, Plaintiff VALERIE FINN informed the Defendant PORT HURON FIRE DEPARTMENT, that she had become pregnant and that, as is standard in most pregnancies, her doctor had given instructions for her to refrain from lifting objects weighing more than twenty pounds. Plaintiff requested light duty status at that time.

20. Plaintiff was informed that the Defendant CITY OF PORT HURON FIRE DEPARTMENT had "no interest" in providing the Plaintiff with light duty status and roundly criticized her for wishing to continue working during her pregnancy.

21. Defendants further stated that light duty status is only provided to persons suffering on-the-job injuries or illness.

22. In practice however and upon information and belief, Defendants have assigned light duty status to male employees who have suffered off-the-job injuries. Defendants have also assigned light duty status to persons who were similar to Plaintiff in their ability or inability to work.

23. Defendants immediately placed Plaintiff VALERIE FINN on a forced leave of absence without pay.

24. Plaintiff informed Defendants that she believed their actions violated laws and policies preventing the discrimination of persons based on pregnancy. However Defendants refused to reconsider their decision and actions.

25. Plaintiff VALERIE FINN was then directed to submit a formal written request to apply accrued vacation and sick time while on the forced unpaid leave. She was also informed that after expending all accrued vacation and sick time, she would be required to formally apply for an "voluntary" unpaid leave of absence prior to the birth of her child. The Defendant PORT

HURON FIRE DEPARTMENT reminded the Plaintiff, that the decision of whether to apply accrued vacation and sick time and whether to permit an unpaid leave was within their sole discretion.  Upon information and belief, the Defendants have in the past routinely and contemporaneously granted such requests in response to informal oral requests.

26. While on the forced leave and before the birth of her first child, Plaintiff VALERIE FINN reminded the Defendant PORT HURON FIRE DEPARTMENT that she was scheduled to attend an Advanced Canine Handler certification course in Connecticut during the week of September 21, 2008.  Canine Handlers are trained, along with their dogs, to perform search-and-rescue duties.  Certification as a Canine Handler allows the Plaintiff to participate as a member of Michigan's Task Force 1—State Urban Search and Rescue Team during emergencies.  Plaintiff is the only member of her department to be accepted as a member of the task force.

27. Before she became pregnant, Defendant PORT HURON FIRE DEPARTMENT approved the Plaintiff's participation in Michigan Task Force 1 – State Urban Search and Rescue Team and agreed to support her in necessary trainings, which customarily included the payment of her wages during time spent attending trainings.

28. In September 2008, Defendants informed the Plaintiff that she would not be paid wages while attending the training.  Plaintiff travelled to Connecticut and completed the course, however she was not paid her normal wages but rather was required to use accrued vacation time.

29. The Plaintiff VALERIE FINN gave birth to her son on October 20, 2008.

30. As of November 15, 2008 the Plaintiff exhausted all of her 2008 accrued vacation and sick time, and four weeks of her 2009 vacation and sick time. The Defendant PORT HURON FIRE DEPARTMENT also considered the Plaintiff to have used all leave allowed under the Family and Medical Leave Act, which according to departmental policy ran concurrently with her accrued vacation and sick time prior to the birth of her son.

31. On November 24, 2008, the Plaintiff VALERIE FINN informed Defendant PORT HURON FIRE DEPARTMENT that her doctor had cleared her, to return to work in a light duty capacity beginning December 1, 2008. Plaintiff again requested that she be allowed to work in a light duty capacity.

32. The Plaintiff VALERIE FINN's primary health insurance was canceled by the Defendants on or about November 30, 2008.

33. On or about December 10, 2008 Defendant PORT HURON FIRE DEPARTMENT sent an e-mail message to the Plaintiff again denying her request for light duty status.

34. Plaintiff VALERIE FINN was cleared of all restrictions returned to active duty with the Defendant PORT HURON FIRE DEPARTMENT on or about December 30, 2008.

### IV. COUNT I – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: DISPARATE TREATMENT - DISRIMINATION BASED ON SEX (PREGNANCY) & RETALIATION

35. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

36. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e *et. seq.*

37. At all times relevant to this action, Defendants were the Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e *et. seq.*

38. In violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e *et. seq.*, Defendants' actions constitute discrimination on the basis of sex (pregnancy).

39. Defendants discriminatory actions include but are not limited to the following:

    a. Defendants have failed to treat Plaintiff the same as other persons similar in their ability or inability to work; and

    b. Defendants have excluded Plaintiff from benefits that are afforded to non-pregnant employees, including light duty status as necessitated by temporary physical limitations.

40. In all cases, Plaintiff VALERIE FINN's sex (pregnancy) was a factor that made a difference in the Defendants' actions.

41. Defendants' actions constitute intentional discrimination against Plaintiff on the basis of sex (pregnancy).

42. Defendants knowingly, willing and intentionally retaliated against Plaintiff for asserting claims under the Act.

43. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of wages and earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and

privileges based on seniority, and loss of other benefits and privileges of her employment, emotional pain, suffering, inconvenience, and mental anguish.

## V. COUNT II – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: DISPARATE TREATMENT – DISRIMINATION BASED ON SEX (GENDER) & RETALIATION

44. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

45. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

46. At all times relevant to this action, Defendants were the Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

47. In violation of Title VII of the Civil Rights Act of 1964, as amended, , 42 U.S.C. § 2000e *et. seq.,* Defendants' actions constitute discrimination on the basis of sex (gender).

48. Defendants discriminatory actions include but are not limited to the following:

   a. Defendants have excluded Plaintiff from benefits that are afforded to male employees, including light duty status as necessitated by temporary physical limitations.

49. In all cases, Plaintiff VALERIE FINN's sex (gender) was a factor that made a difference in the Defendants' actions.

50. Defendants' actions constitute intentional discrimination against Plaintiff on the basis of sex (gender).

51. Defendants knowingly, willing and intentionally retaliated against Plaintiff for asserting claims under the Act.

9

52. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of wages and earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and privileges based on seniority, and loss of other benefits and privileges of her employment, emotional pain, suffering, inconvenience, and mental anguish.

### VI. COUNT III – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: DISPARATE IMPACT – DISRIMINATION BASED ON SEX (PREGNANCY & GENDER)

53. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

54. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e *et. seq.*

55. At all times relevant to this action, Defendants were the Plaintiff's employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e *et. seq.*

56. In violation of Title VII of the Civil Rights Act of 1964, as amended, by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e *et. seq.*, Defendants' actions constitute discrimination on the basis of sex (pregnancy & gender).

57. Defendants state that they maintain a policy of assigning light-duty assignments to firefighters who suffer on-the-job injuries or illnesses.

58. In practice, Defendant's stated policy imposes a disparate impact on the basis of sex (pregnancy & gender) as to Plaintiff and similarly situated women.

59. Other less restrictive policies/practices are available which would not cause such disparate impact, and Defendants refuse to adopt them.

60. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of wages and earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and privileges based on seniority, and loss of other benefits and privileges of her employment, emotional pain, suffering, inconvenience, and mental anguish.

### VII. COUNT IV – CONSTITUTIONAL DEPRIVATION UNDER 42 U.S.C. §1983 – EQUAL PROTECTION

61. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

62. Under the Fourteenth Amendment to the United States Constitution, Plaintiff possessed a right to fair and equal treatment under the law regardless of her sex.

63. Defendants intentionally singled out and discriminatorily treated Plaintiff less favorably than male co-workers, without a legitimate, important or compelling interest for that treatment.

64. Defendants discriminatory acts include but is not limited to the following:

   a. Excluding Plaintiff from benefits that are afforded to male employees, including light duty status as necessitated by temporary physical limitations.

65. Knowingly or with reckless disregard or deliberate indifference to the likelihood that a violation of Plaintiff VALERIE FINN's constitutional right would occur, Defendants failed to train their employees in the legal and appropriate methods for assigning light duty status to persons such as Plaintiff.

66. The discriminatory acts described herein represent official policy and practice of the Defendants.

67. It would be plainly obvious to a reasonable policymaker that Defendants' actions violated Plaintiff's constitutional rights.

68. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of wages and earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and privileges based on seniority, and loss of other benefits and privileges of her employment, emotional pain, suffering, inconvenience, and mental anguish.

### VIII.  COUNT V – MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT: DISPARATE TREATMENT - DISCRIMINATION BASED ON (PREGNANCY) & RETALIATION

69. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

70. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq*.

71. At all times relevant to this action, Defendants were the Plaintiff's employer within the meaning of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq*,

72. In violation of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq.*, Defendants' actions constitute discrimination on the basis of sex (pregnancy).

73. Defendants discriminatory actions include but are not limited to the following:

   a.  Defendants have failed to treat Plaintiff the same as other persons similar in their ability or inability to work; and

    b.    Defendants have excluded Plaintiff from benefits that are afforded to non-pregnant employees, including light duty status as necessitated by temporary physical limitations.

74. In all cases, Plaintiff VALERIE FINN's sex (pregnancy) was a factor that made a difference in the Defendants' actions.

75. Defendants' actions constitute intentional discrimination against the Plaintiff on the basis of sex (pregnancy).

76. Defendants knowingly, willing and intentionally retaliated against Plaintiff for asserting claims under the Act.

77. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of wages and earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and privileges based on seniority, and loss of other benefits and privileges of her employment, emotional pain, suffering, inconvenience, and mental anguish.

**IX. COUNT VI – MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT:
DISPARATE TREATMENT – DISRIMINATION
BASED ON SEX (GENDER) & RETALIATION**

78. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

79. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq*.

80. At all times relevant to this action, Defendants were the Plaintiff's employer within the meaning of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq*.

81. In violation of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq.*, Defendants' actions constitute discrimination on the basis of sex (gender).

82. Defendants discriminatory actions include but are not limited to the following:

   a. Defendants have excluded Plaintiff from benefits that are afforded to male employees, including light duty status as necessitated by temporary physical limitations.

83. In all cases, Plaintiff VALERIE FINN's sex (gender) was a factor that made a difference in the Defendants' actions.

84. Defendants' actions constitute intentional discrimination against Plaintiff on the basis of sex (gender).

85. Defendants knowingly, willing and intentionally retaliated against Plaintiff for asserting claims under the Act.

86. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of wages and earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and privileges based on seniority, and loss of other benefits and privileges of her employment, emotional pain, suffering, inconvenience, and mental anguish.

### X. COUNT VII – MICHIGAN ELLIOT-LARSEN CIVIL RIGHTS ACT: DISPARATE IMPACT – DISRIMINATION BASED ON SEX (PREGNANCY & GENDER)

87. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

88. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of the Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq.*

89. At all times relevant to this action, Defendants were the Plaintiff's employer within the meaning of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq.*

90. In violation of Elliot-Larsen Civil Rights Act, MCLA 37.2101, *et seq.*, Defendants' actions constitute discrimination on the basis of sex (pregnancy & gender).

91. Defendants state that they maintain a policy of assigning light-duty assignments to firefighters who suffer on-the-job injuries or illnesses.

92. In practice, Defendant's stated policy imposes a disparate impact on the basis of sex (pregnancy & gender) as to Plaintiff VALERIE FINN and similarly situated persons.

93. Furthermore, other less restrictive policies/practices are available which would not cause such disparate impact, and Defendants refuse to adopt them.

94. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of wages and earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and privileges based on seniority, and loss of other benefits and privileges of her employment, emotional pain, suffering, inconvenience, and mental anguish.

## XI. COUNT VIII – FAMILY MEDICAL LEAVE ACT

95. Plaintiff VALERIE FINN incorporates by reference paragraphs 1 through 34 above as though fully stated herein.

96. At all times relevant to this action, the Plaintiff was Defendants' employee within the meaning of the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq.*

97. At all times relevant to this action, Defendants were the Plaintiff's employers within the meaning of the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq.*

98.     In violation of the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq*., Defendants failed, after proper notice, to allow the Plaintiff VALERIE FINN 12 weeks of leave as required by federal law.

99.     In violation of the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq*., the Plaintiff was forced to utilize her 12 weeks of entitled federal leave during her pregnancy, at the sole demand of the Defendants despite that the Plaintiff was fit for and entitled to light duty.

100.    As a result of Defendants' conduct, the Plaintiff was unable to utilize her entitled leave after the birth of her child in October 2008.

101.    In violation of the Family and Medical Leave Act of 1993, 29 U.S.C. 2601 *et seq*., Defendants have retaliated against Plaintiff for asserting claims under the Act.

102.    Defendants knowingly, willing and intentionally violated Plaintiff VALERIE FINN's right to leave under the Act.

103.    As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff VALERIE FINN sustained damages including but not limited to loss of earnings, loss of certain pension benefits, loss of seniority and concomitant benefits and privileges based on seniority, and loss of other benefits and privileges of her employment, monetary damages and liquidated damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff VALERIE FINN prays this Honorable court enter Judgment against the Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages so wrongfully sustained by the Plaintiff including, but not limited, to

compensatory damages, liquidated damages, punitive damages, exemplary damages, interest, costs and attorney fees and other damages as allowed in law or equity.

.

                        Respectfully submitted,

By:            s/John C. Philo
                  John Philo (P52721)
                  Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiff**

-And-

Alyson Oliver
Stuart Shoup
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-581-9396/Fax: 248-327-6554
Email: sshoup@krescholiver.com
**Attorneys for Plaintiff**


Dated: November 16, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALERIE FINN.

          Plaintiffs,

vs.

Case No. _____
Hon. _____

CITY OF PORT HURON,
PORT HURON FIRE DEPARTMENT,
JOHN BERRY, and ROBERT EICK.

          Defendant.
_____/

John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiff**

   -And-

Alyson Oliver (P73293)
Stuart Shoup (P55020)
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-581-9396/Fax: 248-327-6554
Email: sshoup@krescholiver.com
**Attorneys for Plaintiff**

_____/

# PLAINTIFF'S JURY DEMAND

Plaintiff VALERIE FINN by and through counsel demand a trial by jury in the above-captioned matter.

Respectfully submitted,

By:  s/John C. Philo
John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiff**

-And-

Alyson Oliver
Stuart Shoup
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-581-9396/Fax: 248-327-6554
Email: sshoup@krescholiver.com
**Attorneys for Plaintiff**

Dated:  November 16, 2010