**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

VALERIE FINN.

    Plaintiff,

                    Case No. 2:10-cv-14555
vs.                  Hon.  Victoria A. Roberts

CITY OF PORT HURON, a municipality, and
PORT HURON FIRE DEPARTMENT, jointly
and severally.

       Defendant.
_____/

John Philo (P52721)
Tony Paris (P71525)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiff**

 -And-

Alyson Oliver (P55020)
Stuart Shoup (P73293)
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-327-6556/Fax: 248-436-3385
Email: sshoup@krescholiver.com
**Attorneys for Plaintiff**

Gary A. Fletcher (P26823)
Todd J. Shoudy (P41895)
FLETCHER FEALKO SHOUDY &
FRANCIS, P.C.
522 Michigan Street
Port Huron, Michigan 48060
810-987-8444
**Attorneys for Defendant**
_____/

## **JOINT PROPOSED DISCOVERY PLAN**

### **Rule 26(f) Discovery Plan**

The Parties to this action, after having met face-to-face, and in compliance with Fed. R. Civ. P. 26, submit the following for this Honorable Court's approval:

A. The Parties will make Rule 26(a) disclosures on February 2, 2011. Fourteen days following the date set for the Scheduling Conference.

B. Discovery will close on August 31, 2011. This will allow the parties to exchange written discovery requests, and depose those who have important, discoverable information regarding this matter.

C. The Parties anticipate requesting some electronic discovery, but do not anticipate any issues at this time.

D. The Parties are not aware of any privilege issues that exist in this case at this time. The Parties agree that the notes taken and e-mails exchanged between counsel and client and/or client representatives during the EEOC investigation are considered attorney client privileged documents and/or work product and are not subject to discovery at this time. However, the Parties agree to exchange privilege logs, if privilege issues arise.

E. At this time, the Parties do not anticipate any need to change any discovery rules.

F. At this time, the parties do not anticipate a need for this Court to issue any other orders, other than possibly a protective order relating to other employees, where applicable.

### **Additional Considerations**

1. <u>Statement of Plaintiff's Claims</u>

Plaintiff brings suit under the Pregnancy Discrimination Act of 1978, Title VII of the Civil Rights Act of 1964, Equal Protection claims under 42 U.S.C. § 1983, Family and Medical Leave Act of 1993, and Michigan's Elliot-Larsen Civil Rights Act. This Court has federal question jurisdiction over Plaintiff's PDA, Title VII, §1983, and FMLA claims, and supplemental jurisdiction over the MELCRA claims.

Plaintiff's claims are based on the fact that Defendants denied Plaintiff a light-duty assignment and then forced her to take an unpaid leave of absence after she exhausted her vacation and sick time. Defendants' actions were based on Plaintiff's status as a pregnant woman.

2. <u>Statement of Defense of Defendant</u>

Defendant denies that it discriminated against Plaintiff on the basis of her pregnancy or that it violated any law as it pertains to Plaintiff.  Defendant was not legally obligated to provide Plaintiff with a light-duty assignment or create any new position for Plaintiff to fill during or after her pregnancy.  Plaintiff was treated like any other employee would be treated whether male or female.

3. <u>Proposed Amendments</u>

At this time, Plaintiff does not anticipate a need to amend her pleadings.  Defendant requests that the Complaint be amended to drop "Port Huron Fire Department", which is not a separate entity, as a party.

4. <u>Admission of Facts</u>

In its Answer to the Complaint, Defendant has admitted:
   a. That jurisdiction and venue are proper; and
   b. That Plaintiff was and is Defendant City of Port Huron's employee and that Defendant was and is Plaintiff's employer within the meaning of Title VII of the Civil Rights Act, MELCRA, and FMLA.

5. <u>Depositions</u>

Plaintiff does not yet have discovery from Defendants that will allow Plaintiffs to identify all proposed depositions with certainty. Subject to the foregoing statement, Plaintiff expects to depose Plaintiff's supervisors at Port Huron Fire Department, the personnel director of the City of Port Huron, and other past, present, or future employees of Defendants who have knowledge of Defendants' policies regarding pregnancy, leaves of absence, and light-duty assignments.

Neither Party anticipates a need to depose more than ten witnesses or for any depositions to last longer than seven hours in one day.

6. <u>Interrogatories</u>

At this time, the Parties do not anticipate the need to serve more than 25 interrogatories.

7. <u>Expert Testimony</u>

Plaintiff identifies the areas which may require expert testimony as:
   a. Plaintiff's ability to perform light duty tasks while pregnant; and
   b. Damages.

Defendant reserves the right to call rebuttal experts or provide its own as to these issues.

8. Electronic Discovery

  Plaintiff anticipates that she will request some electronically stored information from Defendants, but does not anticipate any issues at this time. Defendant likewise intends to request such discovery.

9. Discovery

The Parties do not anticipate any discovery disputes or issues related to preserving discoverable material.

10. 26(a) Disclosures

The Parties do not object to making 26(a) disclosures.

11. Discovery Cutoff

Parties propose that discovery will end on August 31, 2011.

12. Case Evaluation

  At this time, Plaintiff does not consent to *binding* case evaluation. Plaintiff agrees to participate in non-binding case evaluation after the close of discovery. Defendant is not agreeable to case evaluation at this time.

13. Resolution

  At this time, Plaintiff requests an amount that is fair, just and equitable for the injuries and damages that she sustained including, but not limited, to compensatory damages, liquidated damages, punitive damages, exemplary damages, interest, costs and attorney fees and other damages as allowed in law or equity.

  Defendant believes that it has been more than fair with Plaintiff and no additional compensation is appropriate.


Dated: January 5, 2011

Respectfully Submitted,

/s/ John Philo (P52721)
MAURICE & JANE SUGAR LAW CENTER
FOR ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
313-993-4505/Fax: 313-887-8470
Email: mail@sugarlaw.org
**Attorneys for Plaintiff**

/s/ Stuart Shoup (P73293)
KRESCH OLIVER, PLLC
24100 Southfield Rd., Suite 305
Southfield, Michigan 48075
248-327-6556/Fax: 248-436-3385
Email: sshoup@krescholiver.com
**Attorneys for Plaintiff**

/s/ Todd J. Shoudy (P41895)
FLETCHER FEALKO SHOUDY & FRANCIS, P.C.
522 Michigan Street
Port Huron, Michigan 48060
810-987-8444
**Attorneys for Defendant**